IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| FIDEL SALAZAR, | § | |
| Institutional ID No. 1506617, | § | |
| SID No. 3924280 | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. %:19-CV-124-BQ |
| | § | |
| | § | |
| U.T.M.B. C.M.C., et al., | § | |
| | § | |
| Defendants. | § | |

## QUESTIONNAIRE AND DECLARATION

On this date Plaintiff, under penalty of perjury, provides the following answers and information as required by the Court.

I. **Questionnaire**

1. In your Complaint, you name as a Defendant U.T.M.B. Correctional Managed Care (UTMB). You allege that UTMB's "protocol that is currently implamented [sic] to treat Hep. C presents deliberate indifference to plaintiff."

    a. Specifically describe the treatment policy implemented by UTMB that you contend violates your constitutional rights.

    b. Describe, including specific facts and details, how your constitutional rights have been violated by the policy.

    c. List the date(s) on which you allege your constitutional rights have been violated by the policy.

    d. Name the individual(s) you believe are responsible for implementing the policy.

    e. Specifically describe how you have been harmed by the alleged policy.

1 of 6

2.  In your Complaint, you assert that Defendants have "refus[ed] to provide [you] w/ the Hep C treatment/cure." You contend that you "will likely suffer irreparable harm if not treated immediatly."

    a.  List the treatment you believe Defendants should provide but have not.

    b.  Have you requested the treatment listed in 2.a. above from Defendants? Answer "yes" or "no."

    c.  If your answer to question 2.b. above is "yes," list (1) the date(s) on which you requested the treatment, (2) the name of the individual from whom you requested the treatment, and (3) that individual's corresponding reaction to your request.

    d.  Explain why you believe you are a candidate for the treatment listed in question 2.a. above.

        *end of pg 2*

    e.  you allege that "[t]he longer Plaintiff goes w/out treatment his liver is scarring more and more." Specifically explain how you know your liver is being scarred without the specific treatment listed in question 2.a. above.

    f.  Have Defendants stated why you were denied the treatment listed in question 2.a. above? Answer "yes" or "no." If your answer is "yes," state why you were denied the treatment.

    g.  Describe what, if any, treatment Defendants have provided for your condition.   *end of pg 3*

3.  Inyour complaint, you name Micheal Parmer, Formby Unit Medical Supervisor, as a Defendant.

    a.  Have you named Micheal Parmer as a defendant solely because of his status as a supervisor over the Formby Unit Medical

2 of 6

Department? Answer "yes" or "no."

    b. Are you claiming that Micheal Parmer personally participated in the alleged violation of civil rights? Answer "yes" or "no."

        i. If your answer is "yes," specifically describe all facts forming the basis of your claim that Micheal Parmer personally participated in the alleged violation of your constitutional rights.

        ii. List the date(s) on which Micheal Parmer violated your constitutional rights, as described in 3.b.i. above.

        iii. How have you been harmed by Micheal Parmer's alleged actions?

*end of pg 5*

    c. You sue Micheal Parmer in his individual and official capacities.

        i. List all facts forming the basis of your claim against Parmer in his individual capacity.

        ii. List all facts forming the basis of your claim against Parmer in his official capacity.

4. In your Complaint you also name as a Defendant Formby Unit Provider Melonie Sandoval. You allege that Melonie Sandoval has "denied Hep. C treatment/cure."

    a. Describe, including specific facts and details, how Melonie Sandoval violated your constitutional rights.

    b. List the date(s) and location on which Sandoval violated your constitutional rights.

    c. Specifically describe how you were harmed by Melonie Sandoval's alleged actions.

      d. You sue Melonie Sandoval in her individual and official capacities.

          i. List all facts forming the basis of your claim against Sandoval in her individual capacity.

          ii. List all facts forming the basis of your claim against Sandoval in her official capacity.

*end of pg 7*

5. You name "unknown defendants" in your Complaint.

    a. For **each** unnamed defendant, answer the following:

        i. Place of employment:

        ii. Name, or identifying characteristics (gender, physical description):

        iii. Specifically describe how the individual violated your constitutional rights.

        iv. Date(s) on which the individual violated your constitutional rights.

        v. Specifically describe how you were harmed by the alleged constitutional violations.

*end of pg 8*

    b. You sue the "unknown defendants" in their individual and official capacities. For **each** defendant, answer the following:

        i. List all facts forming the basis of your claim against Defendant in his/her individual capacity.

        ii. List all facts forming the basis of your claim against Defendant in his/her official capacity.

6. the authenticated records show that you were first diagnosed with Hepatitis C in 1997. Do you agree? Answer "yes" or "no." If your answer

*end of pg 9*

4 of 6

is "no," list the approximate date you were first diagnosed with Hepatitus C.

7. The authenticated records show that on September 13, 2017, March 7, and August 9, 2018, and February 19, 2019, chronic care medical personnel performed comprehensive testing, including blood work. The records indicate that officials have not referred you for antiviral medication treatment because your Aspartate Aminotransferase to Platelet Ratio (APRI) score is low.

   a. Do you agree that chronic care medical staff tested and evaluated your APRI scores on the above listed dates? Answer "yes" or "no."

   b. Do you agree that staff explained to you on the dates listed above that you would not be referred for antiviral medication treatment due to your APRI scores? Anser "yes" or "no."

   c. Specifically describe what the chronic care medical personnel have explained to you during these visits.

8. These records indicate you were scheduled to undergo additional Hepatitus C testing and have another follow up with a chronic care physician in August 2019.

   a. Did staff in the chronic care clinic recently perform Hepatitus testing? Answer "yes" or "no." If your answer is "yes," List the specific date.

   b. If your answer to 8.a. above is "yes," what was the outcome of the visit?

   c. What did the chronic care medical professional tell you during the visit?

9. Your address on file with Court reflects that you are currently housed at the TDCJ Lynaugh unit. List the approximate date on which you were

5 of 6

transferred from the Formby Unit.

II. **Declaration**

I, Fidel Salazar, declare under penalty of perjury that the foregoing answers are true and correct, and I certify that a true and correct copy of my answers to the Questionnaire has been forwarded to the United States Distrcit Clerk, Lubbock Division, Lubbock, Texas. pg. 1-12 answers to pgs. 1-6

12/26/19
Date

_____
Fidel Salazar

end of pg 11

6 of 6

All information is upon info. & belief below pgs 1-12

1.(a) Specific policy or conduct or procedure being implemented by U.T.M.B. that You contend violates Your constitutional rights

The policy of using an APRI score (Aspartate Aminotransferase to Platelet Ratio Index) to predict the presence of cirrhosis along with other criteria for referral and evaluation for possible treatment. (See Step 2 grievance response "Review of the health record indicate you do not meet the current requirement for treatment with the new medications. Your APRI score was tested on 9-13-17 and the result was 0.39, which is does not require treatment at this time." The issue of using the APRI score to determine if I should be treated is in contravention of prevailing standard of care.

The policy of not undertaking liver biopsies FIB-4 Fibro Scan or other methods of determining the stage of fibrosis or cirrhosis and relying exclusively on APRI score to determine that stage in contravention of prevailing standard of care.

a. Liver biopsy; a surgery where provider removes a small sample of liver tissue and undertakes a histological assessment.
b. APRI (AST to Platelet Ratio Index); using a blood sample, a ratio derived using the level of a certain enzyme in the blood, aspartate aminotransferase ("AST"), and comparing it to 1) usual amount of AST in the blood of a healthy person and (2) the number of platelets in the affected ~~blood~~ person's blood.
c. FIB-4; using blood sample, a ratio derived using the level of two enzymes in the blood, AST and alanine aminotransferase ("ALT"), as well as platelet count and the person's age.
d. FibroScan; a type of ultrasound known as transient elastography, which images a several-centimeter mass of liver tissue.

The policy disregarding independent diagnoses of cirrhosis or significant hepatitic fibrosis in making treatment decisions, in contravention of the prevailing standard of care.

The policy in basing treatment decisions on cost rather than on treatment in contravention of the prevailing standard of care.

The policy of failing to require appropriate counselling of HCV positive patients and continuity of care across the T.D.C.J system, related to contraindications for other medications that exacerbate liver damage, in contravention of the prevailing standard of care.

The policy that denies me the appropriate and medically necessary direct acting anti-viral treatment for my Hep.C as requested, in contravention of the prevailing standard of care.

All of the above is based upon information and belief.

pg 1 of 12

Further, not only do these indicators of AST / ALT often fail to show the current level of fibrosis or cirrhosis, they also often fail to predict the eventual outcomes of a failure to treat the disease in a specific person. Moreover an APRI score relies only on AST and fails to take into account ALT even though pt ALT is found predominately in the liver and not all over the body like AST. ALT is a more specific indicator of liver inflammation than AST. For all these reasons using APRI score alone to determine the severity of a person's fibrosis or cirrhosis is not adequate or appropriate. Therefore the Hep C protocol deliberately delay treatment for HCV with the DAA treatment/drugs, knowing that the Direct Acting Antiviral drugs will essentially cure HCV (my HCV) And the longer I go w/out these new drugs the less they will work putting me in danger of my HCV to progress. I have been deliberately denied the new drug (DAA) And the Def's know that administration of these new drugs is the Standard of Care that is followed recommended by the CDC even though in my Step 2 grievance it states that T.D.C.J follows those recommendations. Def's know of my medical need for the DAA drugs and the refusal is w/out a medical reason and its been recommended that a person as myself that has a diagnosis of HCV should be treated w/ the Direct Acting Anti-viral medication by the CDC etc. I will continue to suffer w/out the new DAA medications instead Def's wish only to monitor my condition over treatment as recommend by the Standard of Care.

The protocol is to delay administration of DAA treatment/drugs until I'm faced w/ the imminent prospect of "Catastrophic" rupture and bleeding out of the esophageal vessels. Additionally by denying treatment until I have advanced disease as marked by esophageal varices the interim protocol prolongs my suffering b/c of my diagnosis HCV and allows the progression of the disease to accelerate so that it presents a greater risk of cirrhosis, hepatocellular carcinoma, & death b/c I have a diagnosis of HCV

pg 2 of 12

b. Describe [unclear] in as much detail as possible, with dates and details, how your constitutional rights have been violated by the policy.

Upon information and belief that Defendants and each of them have created and maintained a policy, custom, or practice of systematically denied necessary medical care to Plaintiff diagnosed with Hepatitis C viral infections for which a total cure through a short medication regimen has become available, thereby discriminating against Plaintiff and placing me at substantial and unnecessary risk to severe pain, illness, injury, and death. The individual <u>Defendants</u> have denied necessary medical care to Plaintiff who has a diagnosis of Hepatitis C virus and have caused unnecessary pain suffering AND irreversible liver damage.

Upon information and belief <u>defendants</u> acted under color of state law. By not providing necessary medical care, <u>Defendants</u> cause immediate and substantial risks to Plaintiff with death and other irreparable harm stemming from his chronic Hep. C infection. Plaintiff has suffered and will continue to suffer. The Centers of Disease Control (CDC) encourages health care professionals to follow the evidence-based standard of care developed by the Infectious Diseases Society of America (IDSA) and the American Association for the Study of liver diseases (AASLD). The IDSA/AASLD are guidlines the medical Standard of Care. When the CDC/IDSA/AASLD standard of care was updated immediately after the first Direct Acting Antiviral (DAA) drug was approved these organizations provided "Prioritization tables" and guidance on selecting patients w/ the greatest need b/c the "infrastructure... did not yet exist to treat all patients immediately. <u>But on July 6, 2016, these organizations updated the standard of care in recognition of the fact that continuing medical research has demostrated the safety, tolerability and dramatic benefits of treating all persons with chronic Hep. C.</u>

Pg. 3 of 12

The benefits of treatment as outlined in this research include: Immediate decrease in liver inflammation, reduction in the rate of progression of liver fibrosis, improvement in necrosis, and cirrhosis, reduction in portal hypertension, and spleen enlargement, reduction in severe side effects including cryoglobulinemic vasculitis, a 70% reduction in the rate of liver cancer, a 90% reduction in the risk of liver-related mortality, and a dramatic increase in quality of life. Other studies show treatment delay decreases the benifits associated with cure. Under the current Prevailing standard of care, treatment with DAA drugs" is expected to benefit nearly all chronically infected persons" and the CDC, AASLD, & ISDA recommend treatment for all patients with chronic Hep. C. The severity of a person's fibrosis or cirrhosis should never be used to determine whether a person should be treated.

Although the standard of care is to treat all persons w/ chronic Hep C w/ DAA drugs, it is still useful to determine the progression (staging) of fibrosis and/or cirrhosis in the liver to choose among the DAA drugs for the most appropriate treatment module for Hep C, to treat other cond.s or complications a person may be experiencing and to advise patients about contraindications and drugs to avoid. Health care providers use several methods to determine the advancement of a HCV positive person's cirrhosis or fibrosis. APRI (AST to Platelet Ratio index) using a blood sample, a ratio derived using the level of a certain enzyme in the blood, aspartate aminotransferase ("AST"), comparing it to (1) usual amount of AST in the blood of a healthy person and (2) the number of platelets in the affected person's blood. When an APRI score is extremely high, it has good diagnostic utility in predicting severe fibrosis or cirrhosis, but low & mid-range scores miss many people who have significant fibrosis or cirrhosis. For instance, in more than 90% of cases, an APRI score of at least 2.0 indicates that a person has cirrhosis. But more than half of people with cirrhosis will not have an APRI score of at least 2.0. In addition b/c the levels of AST and ALT fluctuate from day to day, a decreased or normalized level does not mean the the condition has improved and even a series of normal readings over time may fail to accurately show the levels of fibrosis or cirrhosis.

Def's have made statement that HCV condition does not require medical treatment yet. The issue w/ prioritization my condition in refferrance to treatment is to identify those with the most serious liver disease and to treat them first and then... go on down the line with those who are lower priorities, from severe to less severe, this would mean this system of to treat would continue until all persons in pers prison w/ HCV were treated. Then it is not my medical status that is determining the decision to treat as it would be but for example if the risk of medication side effects outweighed the risks presented by the disease at its current stage.

The Protocol refuses me treatment w/ the new DAA drugs w/out medical justification. Thus, as do all Defs involved in the decision making to treat or not to treat w/ the DAA drugs, from the providers to the committee (Protocol)

An outright refusal of the DAA treatment for a degenerative condition that tends to cause acute infection and pain if left untreated and imposition of a serious & unreasonable condition on such treatment both constitute deliberate indifference on the part of prison officials & descrimination to programs & services.

All of the Above is upon Information And Belief

1. (c) List date(s) on which you allege your constitutional rights have been violated by the policy. 5-24-16 to present date
   (d) Name individuals you believe are responsible for implementing the policy.

1. Provider Sandoval   2. Formby Medical Admin.   3. J. Parmenter   4. Mark Barbee Provider
5. Provider Sheri Tally   6. unknown def.s

(e) Specifically describe how you have been harmed by the alleged policy.
I suffer from chronic abdominal pain (around the liver area), headaches, skin condition, muscle weakness, fatigue, stress, anxiety, brain fog, all these conditions are stemming from my chronic Hep.C infection. B/c Defs & their policy have refused to provide me w/ medical treatment that are consistent w/ current & prevailing medical standards. As a result Def.s & their policy have harmed me & will continue to harm me. By not providing necessary medical care Def.s & their policy cause immediate & substantial risks to me with death & other irrepairable harm stemming my chronic HCV infection.

pg 5 of 12

2. In your complaint you assert that Def's have "refused to" provide you w/the Hep. C treatment cure. You contend that you will likely suffer irreparable harm if not treated immediately.

(a) List the treatment you believe Def's should provide but have not.
   Direct Acting Anti-viral drugs

(b) Have you requested the treatment listed in 2(a) above from Def's? Yes

(c) If your answer to question 2(b) is Yes, list (1) dates on which you requested the treatment (2) the name of the individual from whom you requested the treatment and (3) that individual's corresponding reaction to your request. Upon info. & belief...

1st time requesting DAA treatment was from Dr. Sandoval on or about 8-8-17 and her response was to the effect of "Your APRI score is too low, you do not qualify because of that.

2nd time was from Parmer (Medical Admin. Formby Unit) & it was soon after speaking w/ Dr. Sandoval on or about 8-8-17 and the response was to the effect of "What did Dr. Sandoval tell you? Well if she said you have a low APRI score then according to policy you don't need treatment."

3rd time requesting treatment was through the Step 1 Grievance Procedure and J. Parmenter answered it w/ "As of 3/23/17 Your APRI score was 0.28 which is well below the 70.7 score required which is considered along w/ other criteria for referral & evaluation for possible treatment. You are scheduled for another Chronic Clinic appointment in Sept. at which time the labs will be repeated and if the provider believes you should be considered for treatment based on the findings from that visit the order will be written...
As I have attempted to explain previously Hepatitis treatment cannot be provided by the individual unit. another At this time your APRI score is very low but you are being monitored."

4th time requesting treatment was through the Step 2 grievance Procedure  The Step II Medical Grievance Program Office of Professional Standards T.D.C.J. Health Services Division stated " Review of the health record indicated you do not meet the current requirement for treatment w/ the new medications. Your APRI score was tested 9/13/17 and the result was 0.39 which does not require treatment at this time. T.D.C.J follows the recommendations of the U.S. Center of Disease Control a federal government agency for criteria in testing other such as the American Association for liver Disease do not have the authority to dictate treatment w/in the T.D.C.J."
dated 9-19-17

pg. 6 of 12

over

The 5th time requesting DAA treatment was from Dr. Barber at the Estelle Unit via medical telecom. Mr. Barber stated in effect that b/c my APRI scores were low is a good indication that my Hep. C is doing fine thus not requiring treatment w/ the DAA drugs but that I will continued to be monitored. On or about in the year of 2018-19.

The 6th time requesting DAA treatment was from Dr. Tally at the Lynaugh Unit on or about 2019. Dr. Tally said "b/c your APRI score are all low you do not qualify for treatment but you will be tested & monitored and if your liver starts to do bad, treatment will then be recommended until then you will be monitored."

6) Explain why you believe you are a candidate for the treatment listed in Question 2(a) above. Upon info. & belief...

I am a Chronic Care Patient, w/ HCV since 1997. The longer I go w/out the new DAA treatment/cure the less effective they become, Thus dramatically increasing my risk of developing cirrhosis and liver cancer. In addition to causing day to day pain & other problems current symptoms chronic abdominal pain, fatigue, headaches, skin conditions, muscle weakness, dizzyness, stress, anxiety, depression. The Center for Disease Control (CDC), Infectious Disease Society of America (IDSA) and the American Association for the Study of Liver Disease (AASLD) Standard of Care was updated immediately after the first DAA drug was approved these organizations provided "Prioritization tables" and guidance on selecting patients with the greatest need b/c the "infrastructure... did not yet exist to treat all patients immediately. But on July 6 2016, these organizations updated the Standard of Care in recognition of the fact that continuing medical research has demonstrated the safety, tolerability and dramatic benefits of treating all persons with chronic HCV. The benefits demonstrated through vigorous research include Immediate decrease in liver inflammation, reduction in the rate of progression of liver fibrosis, improvement in necrosis and cirrhosis, reduction in portal hypertention and spleen enlargement, reduction in severe side effects including cryoglobulinemic vasculitis, a 70% reduction in the rate of liver cancer, a 90% reduction in the risk of liver-related mortality. And a dramatic increase in quality of life.

Continuation of 2(d)

Other studies show treatment delay decreases the benefits associated with cure. Under the current prevailing standard of care, treatment with DAA drugs "is expected to benefit nearly all chronically infected persons" and the CDC, AASLD and ISDA recommend treatment for all patients with chronic HCV infection.

(e) You allege that "the longer Plaintiff goes w/out treatment his liver is scarring more & more." Specifically explain how you know your liver is being scarred w/out the specific treatment listed in Question 2(a) above.

Upon info. & belief when it was decided by the medical to provide me w/ the interferon & Ribavirin, was b/c my liver was already being scarred. The HCV disease will only continue to progress since that specific treatment, interferon & Ribavirin did not allow my body to complete said treatment of one whole year (only 10 months) Upon info. & belief.

(f.) Have Defendants stated why you were denied the treatment listed in question 2(a) above? Answer yes or No. If your answer is yes, state why you were denied treatment.

Upon info. & belief Defendants have stated "Your APRI score is too low to qualify for treatment" "Your condition is not bad enough, when your APRI levels rise then & only then will you be considered" "Treatment is only if your condition - liver starts to go bad" "It cost a lot, you got to be doing really bad to get treatment"

(g.) Describe what if any treatment Defendants have provided for your condition.

Upon info. & belief interferon & Ribavirin

3 (a) Have you named Michael Farmer as a defendant solely b/c of his status as a supervisor over the Formby Unit medical department? Yes or (No.) Upon info. & belief — Actually I named Farmer b/c I spoke to a person who was sitting in the Medical Administrator's office at the Formby Unit & when I went to the law library & looked in the employees roster under Medical Admin. it listed Michael Farmer. The person w/ whom I spoke w/ was a lady.

pg 8 of 12

b(i) If your answer is yes specifically describe all facts forming the bases of your claim that Micheal Farmer personally participated in the alleged violation of your constitional rights.

Upon info. & belief the person I spoke w/ that was sitting in the Admin office told me after asking her if there was a way to get treatment before my condition worsens to the point of no return; What did Sandoval say Your Hep. C is doing ok Your APRI score you don't qualify for treatment Admin. said "Well if you get bad [illegible] will re evaluate you." "We're good at our Job you'll be ok."

b(ii) List date(s) on which Micheal Farmer violated your constitional rights as described in 3 b(i) above. The person I spoke w/ in the Admin Office was on or about 8-8-17 - Upon info and belief.

b(iii) How have you been harmed by Micheal Farmer's alleged actions? Upon info. & belief I was denied the DAA treatment/cure I experience Hep. C symptoms such as chronic pain around the liver area, dizziness, fatigue, headaches etc...

c. You sue Micheal Farmer in his individual & official capacities.

(i) List all facts forming the basis of your claim against Farmer in his individual Capacity. Upon info. & belief

The person in Admin office I spoke w/ the employer's roster denied me treatment cure and to this I continue to suffer & at risk for liver cancer & even death. Admin. Office person even acknowledged the long term effects by saying if your liver starts to fail we will re evaluate you.

(ii) List all facts forming the basis of your claim against Farmer in his Official Capacity. Upon info. & belief

My answers will be the same as c.(i)

4 (a) Describe including Specific facts & details how Sandoval (Melanie) violated your constitional rights.

Upon info. & belief Dr. Sandoval under color of state law knew of the risks associated w/out treatment of my liver w/ the DAA drugs but chose a course of monitoring instead until irreversible liver damage occurd before considering me treatment for my serious medical of HCV infection disease in compliance w/ current standards of individualized professional medical care. Dr. Sandoval has informed me of HCV symptoms of liver cirrhosis liver cancer & even death due to HCV not treated or if one continues their course of illegal activity - use of drugs w/ needles thus denied me access to programs & services in relation to [struck] my HCV infection.

Pg 9 of 12

4. (b) List the dates and location on which Sandoval violated your constitutional rights. on or about 2017-2018 at the Formby Unit (Upon info. & belief)

(c) Specifically describe how you were harmed by Melanie Sandoval's alleged actions. I suffer from abdominal pain (Liver area), skin conditions, muscle weakness, fatigue, stress, anxiety & brain fog all these conds. are stemming from chronic HCV infection b/c def. refused to provide me w/ medical care & treatment that are consistent w/ current & prevailing medical standards. As a result Def. has harmed me. Def. by not providing necessary medical care has caused me immediate & substantial risks with death & other irreparable harm stemming from my chronic HCV infection (Upon info. & belief)

(d) You sue Melanie Sandoval in her individual capacity
   (i) List all facts forming the basis of your claim against Sandoval in her individual capacity. I sue Sandoval in individual capacity & official capacity for action taken under color of state law as my treating physician for her deliberate indifferent knowing disregard of my serious medical need failure to treat my HCV disability, disease & serious medical needs of HCV in compliance w/ current stands & individualized professional medical care.
   (ii) List all facts forming the basis of your claim against Sandoval in her official capacity.
refer to 4.(b)(i) And 4.(a)(b)(c) (d(i) & d(ii) are based upon info. & belief)

5. You name unknown def.s in your complaint
   (a) For each unnamed defendant answer the following: Upon info. & belief
      (i) Place of employment: Upon info. & belief T.D.C.J, UTMB, T.T. UHSC etc.
      (ii) Name or identifying characteristics (Gender, Physical description)
      Provider Barber (Mark) And Provider Tally Plus "unknown def.s"
      Estelle Unit via telecom    Lynaugh Unit
      (iii) Specifically describe how the individual violated your constitutional rights.
refer to 1(a)(b)(c) 4.(a)(b)(c) Upon info. & belief each of the Defendants violated my rights in the same manner by discriminated against me & caused me to be excluded from participation in programs & denied access to services w/in TDCJ b/c of my disability. (G). Defendants in their decision to deny me the 12 wk. one pill per day regimen that is the HCV medical treatment community standard of care, demonstrate deliberate indifference to my serious medical needs. Both HCV and HIV/AIDS are bloodborne viral diseases. Both are transmitted by personal contact between individuals. HCV & HIV/AIDS viruses can be suppressed to reduce or prevent transmission of the virus but only can be cured in 12 wks of oral medication. TDCJ treats HIV/AIDS in a manner that differs significantly from HCV w/out medical justification or rational basis for doing so. TDCJ witholds treatment for HCV in a manner that differs significantly from the treatment it provides for HIV/AIDS w/out medical justification or a rational basis for doing so since the 12 wk standard of care has been adopted. And so have the Defendants

* refer to 4.(a)(b)(c) AND 1(a) and 1(b) Are upon info. & belief the policy & all def's action are reasonable similar if not the same.

10 of 12

TDCJ protocols require that HCV infections progress to the point of causing cirrhosis of the liver or liver cancer before allowing treatment. TDCJ's HCV Policy and Defendants Policy with treatment is akin that it permits HIV infection to become full blown Aids or to manifest life threatening conditions including pneumonia or Kaposi's Sarcoma before allowing anti-viral drug treatment. TDCJ & Defendants treat inmates for HIV infection when a positive test for HIV & does not wait for acute conditions or life threatening illnesses manifest by full blown Aids. TDCJ's and Defendants implementations of differential treatment for HCV in comparison to HIV infections lacks rational basis under prevailing science & medicine. The TDCJ's & Defendant's refusal to treat my HCV infection until manifesting of liver fibrosis, liver scarring, cirrhosis of the liver or liver cancer lacks rational basis. These allegations constitute strong assertions of imminent danger of serious physical medical injury. All the above is upon info. & belief towards Defendant's Policy and Defendants themselfs.

5.(iv) Date(s) on which the individual violated your constitution rights.
  5-24-16 to present present date 2016 2017 2018 2019.

5.(v) Specifically describe how you were harmed by the alleged constitutional rights violations.
I experience Hep.C symptoms such chronic abdominal pain (around liver area) dizzyness, fatigue, headaches, muscle weakness etc..., stress, anxiety, depression. Denied access to programs & services associated associated w/ my HCV infection.

5.(b) You sue "unknown defendants" in their individual & official capasities.
  For each def. answer the following:
    (i) List all facts forming the basis of your claim against defendant in his/her individua Capasity.
Provider Barbee, Provider Tally, and unknown def's upon information and belief in their Individual and official Capasities under color of State law have caused me to be excluded from participation in programs & denied access to services in TDCJ due to my disabilities -HCV-. Defendants had actual knowledge through TCOO Grievances, verbal communication w/ Plaintiff & def.(s), Professional Journals, Professional meetings, Publications, and general media, of the new medications for Hep.C virus that are safer & more effective than previous treatments provided by TDCJ. Def.'s knowledge of the new safer and more effective standard of care the Def.s, Jointly & severally, have not Provided the current 12-wk. one Pill per day Professional HCV treatment Community Standard Medical Community Standard of Care to meet the individual needs of Plaintiff and to cure me from my HCV infection for reasons unrelated to medical care. Def.(s) have willfully denied the current medical Professional Hep.C virus treatment community Standard of care of individualized medical care to my serious medical need. a need that if left untreated will cause irreparable harm; liver fibrosis, cirrhosis of the liver, death, and other HCV complications/Symptoms Def.(s) have intentionally delayed, denied or interfered w/ my timely HCV trea

ment by withholding HCV treatment until I manifest symptoms of fibrosis, cirrhosis of the liver or liver cancer for non-medical reasons.

6. The authenticated records show that you were first diagnosed w/ Hep C in 1997. Do you agree? (Yes) or no  If your answer is no list the approximate date you were first diagnosed w/ Hep C

7. (a) Do you agree that chronic care medical staff tested and evaluated your APRI scores on the above listed dates answer yes or no  Upon info. & belief
At this time I do not recall But if I have to answer yes or no I would have to say no - Upon info & belief

(b) Do you agree that staff explained to you on the dates listed above that you would not be referred for anti-viral medication treatment Due to your APRI scores? Answer yes or no   Upon info. & belief
Again I do not recall this time about the dates in Question About
"chronic care medical personnel performed comprehensive testing" "including blood work"
But I can say that medical personnel have always told me I do not Qualify for the new DAA treatment for HCV due to my low APRI scores. Upon info & belief

(c) Specifically describe what the chronic care medical personnel have explained to you during these visits.  Upon info. & belief
In every chronic care visit I've been told that I could not be treated for my HCV due to low APRI scores. 5-24-16 to present

8. (a) Did staff in the chronic care clinic recently perform Hepatitis testing Answer (Yes) or no  If your answer is yes list specific date.
I do not recall the specific date at this time but as of right now I can say sometime in the begining of August 2019 Upon info. & belief

(b) If your answer to 8(a) above is yes what was the outcome of that visit?  Upon info. & belief
"Your APRI score is low & you do not Qualify for your treatment of your HCV but you will be continued to monitored, Your not doing bad"

9. Your address on file w/ the court reflects that you are currently housed at the TDCJ Lynaugh Unit List the approximate date in which you were transferred from former Unit. On or about 2018 I was transferred to Estelle Unit in Huntsville Tx. (March 28th?) about the time the court ordered the Spears hearing to be conducted April 24th 2018 and transferred to Lynaugh Unit August 29th 2018 Upon info. & belief.
* For my HCV due to my low APRI scores.

12 of 12