IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| FIDEL SALAZAR, <br> Institutional ID No. 1506617, <br><br> Plaintiff, <br><br> v. <br><br> U.T.M.B. C.M.C, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 5:19-CV-124-C <br> § <br> § <br> § <br> § <br> § |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Plaintiff filed a motion for an extension of time to file his objections (Doc. 35), which the Court will **grant**. The Court accepts the late filing of Plaintiff's objections (Doc. 38) and considers them herein. The District Court made an independent examination of the record in this case and conducted a de novo review of the relevant portions of the Magistrate Judge's Report and Recommendation. As explained below, Plaintiff's objections are **OVERRULED**, and the Court **ACCEPTS** and **ADOPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

### I. BACKGROUND

Plaintiff Fidel Salazar, a Texas state prisoner proceeding *pro se* and *in forma pauperis* filed this civil rights action pursuant to 42 U.S.C. § 1983 for denial of his preferred course of treatment for his chronic Hepatitis C. The Magistrate Judge thoroughly explained the facts, claims, and parties to this suit, so the Court will not recite them fully here. Instead, the Court summarizes Plaintiff's claims and the Magistrate Judge's findings to the extent necessary to

address Plaintiff's objections. The Court accepts Plaintiff's factual allegations as true, as it must at this stage of the case.

A.      **Plaintiff's Claims**

Plaintiff makes three types of claims against various named and unnamed Defendants: policy claims, individual claims of deliberate indifference, and implied claims under the Americans with Disabilities Act (ADA) and Rehabilitation Act of 1973 (RA). First, Plaintiff asserts that prison officials implemented and acted on an unconstitutional policy to deny the proper treatment for his disease based on cost rather than prevailing medical standards in violation of his Eighth Amendment rights. Then, he claims that individual providers were deliberately indifferent to his serious medical needs by intentionally treating him incorrectly or refusing to treat him properly. Finally, he suggests that Defendants have failed to reasonably accommodate his Hepatitis C condition and have denied him services such as adequate medical care.

Primarily, Plaintiff complains that Defendants have chosen a course of monitoring instead of prescribing new direct-acting antiviral (DAA) medication. He acknowledges throughout his filings that his symptoms and laboratory test results are monitored regularly. He disagrees with the methods used by Defendants to monitor his condition, which include regularly scheduled appointments and lab tests. He objects to their reliance on one lab test in particular—his APRI score—instead of performing additional testing like liver biopsies and sonogram-type imaging of his liver. His providers have repeatedly told him that based on his consistently low APRI scores, he does not qualify for further treatment at this time. So, they recommend a course of continued monitoring. He complains that monitoring alone is not

treatment, so he concludes that his providers have refused to treat him because they will not give him the medication he has requested.

**B.     The Magistrate Judge's Findings, Conclusions, and Recommendations**

The Magistrate Judge recommended that one of Plaintiff's claims should go forward at this stage. Specifically, the Magistrate Judge recommended that unnamed members of the CMHCC[1] should be ordered to answer or otherwise respond to Plaintiff's claim that they implemented an unconstitutional policy to deny proper medical treatment to prisoners with Hepatitis C.

The Magistrate Judge recommended that the rest of Plaintiff's claims should be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B). Specifically, the Magistrate Judge found that (1) Defendant UTMB-CMC is not a proper defendant under § 1983 because it is immune from suit under the Eleventh Amendment; (2) Plaintiff has failed to plead facts to show that Defendants Sandoval, Parmenter, and "Formby [Unit] Medical Admin[istrators] have any policy-making authority, but rather pleaded that they simply followed the policy implemented by the CMHCC; (3) Plaintiff failed to state a claim for deliberate indifference to his serious medical needs against Defendants Sandoval and Parmer, and also failed to state a deliberate-indifference claim against any of the unnamed defendants; and (4) to the extent Plaintiff intended to assert claims under the ADA and the RA, he has failed to do more than restate his claim for medical denial, which is insufficient. Thus, the Magistrate Judge concluded that Plaintiff had failed to state a claim for which relief may be granted and recommended that the above claims be dismissed with prejudice.

---

[1] The Magistrate Judge determined that the "unknown defendants" in Plaintiff's complaint were members of the Correctional Managed Health Care Committee—a statutorily created committee responsible for developing, implementing, and monitoring the correctional managed health care services for offenders in the Texas Department of Criminal Justice.

## II. PLAINTIFF'S OBJECTIONS

Plaintiff first objects that the Magistrate Judge did not include in his analysis any reference to Plaintiff's mental health as it relates to his ability to communicate with the Court and understand the Court proceedings.[2] But the Magistrate Judge afforded Plaintiff liberal construction and the more lenient standard used for *pro se* filings. *See* Doc. 28 at 3, 5. In doing so, the Magistrate Judge found that Plaintiff had pleaded enough facts that one of his claims should proceed.

### A. Individual Deliberate Indifference Claims

Plaintiff also objects to the Magistrate Judge's conclusion that he has failed to state a claim for deliberate indifference against his individual providers and unnamed defendants. He provides pages of general information about the risks associated with chronic Hepatitis C, and his fear that his disease will worsen if he does not get the DAA medication. *See* Doc. 38 at 4–8. He argues, then that Hepatitis C is a serious medical need, and that Defendants disregarded a substantial risk to his health by failing to give him DAA medication. But he acknowledges that "you can't predict the rate of the Hep C progression," and that his condition is being monitored regularly for signs that it is worsening. He fails to provide any additional facts about the symptoms he has personally experienced—he relists symptoms such as headaches, abdominal pain, skin conditions, brain fog, and muscle weakness. *Id.* at 9. And, based in part on counseling he received about his disease from the Defendant providers, he restates his fear about possible symptoms that could occur, should his disease progress. In sum, he complains that because of the Defendants' policies, he will not be considered for his preferred treatment until he suffers more serious symptoms. *Id.* As explained in the Magistrate Judge's analysis, Plaintiff's

---

[2] Plaintiff has also requested court-appointed counsel, which the Court denied by separate order.

disagreement with the treatment decisions of individual Defendant medical providers does not state a claim. This objection is overruled.

Later in his objections, though, Plaintiff changes course and claims that Defendants "all said, 'we agree you should get the DAA meds but we just follow policy.'" Doc. 38 at 12. This claim contradicts, without explanation, Plaintiff's repeated assertions that Defendants have consistently explained that his low APRI scores do not warrant further treatment. *See* Doc. 26 at ¶12, 15, 18 ("But I can say that medical personnel have always told me I do not qualify for the new DAA treatment due to my low APRI scores"); Doc. 32 at 2 (explaining that he was told his APRI score is lower than what is required for a referral, and that his providers will recommend treatment when it is appropriate); *see also* Doc. 1 at 8.

The Court notes that Plaintiff did not include a declaration under penalty of perjury with his objections. Thus, the Court does not credit this new inconsistent claim over his answers to the questionnaire (Doc. 26), which were declared under penalty of perjury. However, even if the Court gave this statement the weight of an unsworn declaration or affidavit, conclusory, self-serving affidavits are insufficient to create a fact issue when they contradict prior testimony. *Vincent v. Coll. of the Mainland*, 703 F. App'x 233, 238 (5th Cir. 2017) (citing *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984); *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 789 (5th Cir. 2017)). Taken as a whole, Plaintiff's pleadings show that he disagrees with the Defendant medical providers' reliance on his APRI scores to make treatment decisions. Aside from his single statement to the contrary, nothing in Plaintiff's pleadings or the records before the Court indicate that Defendants determined that he "should get the DAA med[ication]," but refused to prescribe it anyway. On the contrary, it is clear that the providers explained over and over again that his condition did not warrant further treatment.

Plaintiff disagrees with the treatment decisions made by Defendants, but he has not established that ~~that~~ any of the individual Defendants intentionally treated him incorrectly or were otherwise deliberately indifferent to his serious medical needs. Thus, the Magistrate Judge was correct to recommend that these claims be dismissed for failure to state a claim. Plaintiff's objection to this portion of the Magistrate Judge's Report and Recommendation are overruled.

**B.     ADA and RA Claims**

Plaintiff also clarifies that he does intend to raise a claim under the ADA and RA, and he objects to the Magistrate Judge's conclusion that he has failed to state such a claim. He urges the Court to find that his chronic Hepatitis C is a qualifying disability, that the Defendants have failed to reasonably accommodate that disability by giving him the treatment he wants, and that Defendants denied him participation in services—specifically, adequate medical care. Even though he attempts to reframe his claims to fit the terms of the ADA and RA, Plaintiff's only restates his claim that he was improperly denied his preferred medical treatment. The Magistrate Judge properly recommended dismissal of this claim. *See Walls v. Texas Dep't of Crim. Justice*, 270 F. App'x 358, 359 (5th Cir. 2008). Plaintiff's objections to the Magistrate Judge's conclusion that he failed to state a claim under the ADA and RA are overruled.

**C.     Remaining Objections**

Many of Plaintiff's objections simply restate, in longer form, his original claims without addressing the Magistrate Judge's findings. Some of Plaintiff's objections just quote sections of the Magistrate Judge's Report without stating the basis for Plaintiff's objections. For example, Plaintiff objects to the Magistrate Judge's finding that UTMB-CMC is immune from suit under the Eleventh Amendment, and that likewise all official capacity claims should be dismissed

because they are immune from suit for the same reason. The Court has conducted a thorough, de novo review of all the relevant portions of the record and finds that the Magistrate Judge's Report is correct. All of Plaintiff's remaining objections are overruled.

### III. CONCLUSION

For the reasons discussed above, the Court **ACCEPTS** and **ADOPTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge.

IT IS THEREFORE ORDERED that

1) Plaintiff's claims against UTMB-CMC, and against Michael Parmer, Melonie Sandoval, and J. Parmenter in their official and individual capacities are **DISMISSED** with prejudice under 28 U.S.C. § 1915.

2) Plaintiff's claims under the ADA and RA are **DISMISSED** with prejudice under 28 U.S.C. § 1915.

3) There is no just reason for delay in entering a final judgment and final judgment shall be entered as to the above-named Defendants and claims pursuant to Federal Rule of Civil Procedure 54(b).

4) Plaintiff's claims against unknown committee members of the CMHCC for implementing an unconstitutional Hepatitis C treatment policy will proceed with service of process as follows:

The Clerk shall transmit to the Attorney General a copy of this Order, together with a copy of Plaintiff's Complaint (Doc. 1), Plaintiff's answers to the Questionnaire (Doc. 26), and the Magistrate Judge's Report and Recommendation (Doc. 28). The documents shall be transmitted by email to the appropriate email addresses at the Office of the Attorney General for the State of Texas. *See* Fed. R. Civ. P. 5(b)(2)(E).

The Attorney General shall:
    a. within twenty (20) days of the date of service, identify the individual committee members on the CMHCC responsible for creating, adopting, and/or modifying the current TDCJ Hepatitis C treatment policy; and

      b.     within thirty (30) days from the date of service, file an answer or other responsive pleading on behalf of those individuals.

SO ORDERED.

Dated September 28, 2020.

_____
SAM R. CUMMINGS
Senior United States District Judge