IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| FIDEL SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-CV-00124-C |
| | § | |
| LANNETTE LINTHICUM, *et al.* | § | |
| | § | |
| Defendants. | § | |

# ORDER

Defendants, individual members of the Correctional Managed Health Care Committee (CMHCC), filed a motion to dismiss this civil action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 56). Plaintiff filed a response. (Doc. 58).

## I. BACKGROUND

Plaintiff Fidel Salazar sued Defendant CMHCC members in their official capacities for developing and implementing an unconstitutional policy for the treatment of prisoners with Hepatitis C. He asserts that he suffers from Hepatitis C, and complains that CMHCC's policy, relying on his APRI score to determine whether he qualifies for treatment, violates his Eighth Amendment rights. He claims that his condition should be treated with Direct Acting Antiviral (DAA) medication, but because of the unconstitutional policy, he has received only monitoring. He seeks injunctive relief.

## II. DEFENDANTS' MOTION TO DISMISS

Defendants argue that the complaint is moot and the Court should dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. Additionally, Defendants assert that Plaintiff lacks standing because the CMHCC members cannot redress his alleged injuries. Finally, and in the alternative, Defendants ask the Court to dismiss Plaintiff's claims under Rule

12(b)(6) for failure to state a claim. As explained below and for the reasons stated in Defendants' Motion and Brief, the Court finds that the Motion to dismiss should be GRANTED.

### III. LEGAL STANDARDS

**Rule 12(b)(1) and Subject-Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Id.* (internal quotations omitted) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty., Tex.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The district court has substantial authority to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson*, 645 F.2d at 413 (quotation omitted). A court should only grant a motion to dismiss for lack of subject matter jurisdiction when it is convinced that the plaintiff cannot prove any set of facts that would entitle him to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The plaintiff permanently bears the burden of showing the existence of subject-matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Article III of the Constitution limits the jurisdiction of federal courts to the resolution of "Cases" and "Controversies." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561 (1992). A plaintiff must have standing in order to satisfy the case-or-controversy requirement. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273–74 (2008). "And in order to have Article III standing, a plaintiff must adequately establish: (1) an injury in fact (*i.e.,* a concrete and particularized invasion of a legally protected interest); (2) causation (*i.e.,* a fairly ... traceable connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (*i.e.,* it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit)." *Id.* (internal quotation marks omitted) (quoting *Lujan*, 504 U.S. at 560-61).

The injury-in-fact and redressability requirements are particularly intertwined in requests for injunctive and declaratory relief. "Because injunctive and declaratory relief cannot conceivably remedy any past wrong, plaintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019) (internal quotation marks omitted). "[A] threatened future injury must be (1) potentially suffered by the plaintiff, not someone else; (2) concrete and particularized, not abstract; and (3) actual or imminent, not conjectural or hypothetical." *Id.* at 720-21.

When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977).

## IV. DISCUSSION

Defendants assert that Plaintiff's claims are moot because he no longer suffers from Hepatitis C. As a result, the CMHCC's treatment policy does not apply to him, and injunctive relief would not affect him. Thus, there is no longer a live controversy and the Court is deprived of subject-matter jurisdiction. Defendants attached authenticated medical records to support this factual contention.

Plaintiff does not directly dispute this claim. He acknowledges that sometimes Hepatitis C resolves without treatment, although he expresses doubt that his condition really cleared after so much time. However, he does not refute the accuracy of the medical records, which show that he was tested twice in the past year and both tests returned negative results, indicating no Hepatitis C was detected.

The Court finds that Plaintiff's claim is moot.

Additionally, Defendants admit that as members of the CMHCC, they develop policies related to medical treatment in Texas prisons. However, they assert that they have no authority to order or obtain funding for any medical treatment, nor do they make individualized treatment decisions for inmates. They also explain that the CMHCC lacks the authority to implement any changes or enforce any policy mandated by the Court. Thus, they argue that even if the Court issued injunctive relief here, such an injunction would not redress any harm that Plaintiff allegedly suffered. For this reason, Defendants assert that Plaintiff's complaint must be dismissed for lack of standing and redressability.

Finally, the Court notes that after Defendants filed their motion to dismiss, Plaintiff notified the Court that he has been released from prison. Thus, even if he did still suffer from Hepatitis C, and even if the CMHCC could redress his complaint through injunctive relief, he is

no longer subject to the inmate-treatment policies of the CMHCC. Based on all of these circumstances, Plaintiff cannot plead any set of facts that would entitle him to relief.

## V.   CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint is moot. Because there is no longer a live case or controversy, the complaint must be dismissed for lack of subject matter jurisdiction.

Defendants' Motion to Dismiss (Doc. 56) is GRANTED.

Judgment shall be entered accordingly.

All relief not granted is denied and any pending motions are denied.

Dated May 24, 2021.

SAM R. CUMMINGS
Senior United States District Judge